UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

URSULA ANTONINA MARTINEZ and   )
MELINDA DANIELLA MARTINEZ,     )
                               )
           Plaintiffs          )
                               )
v.                             )    No. 2:19-cv-00228-JAW
                               )
LITTLE CAESAR CAESAR, et al.,  )
                               )
           Defendants          )

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE

In this action alleging war crimes and various forms of abuse against a wide range of unrelated defendants, *pro se* plaintiff sisters Ursula and Melinda Martinez seek *in forma pauperis* status. I grant the plaintiffs' request for leave to proceed *in forma pauperis* but recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

#### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In their nearly identical motions to proceed *in forma pauperis*, the plaintiffs declare under penalty of perjury that they have no income or assets, except "Martinez maisons [sic] and land" for which they have no "paperwork." *See* ECF Nos. 4-5. Ursula Martinez also notes that she has $40,000 in student loan debt. *See* ECF No. 4. These financial circumstances entitle them to proceed *in forma pauperis*, and their application is granted.

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint or claim is frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citation and internal quotation marks omitted). A complaint or claim is "factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Id*. at 32-33 (citations and internal quotation marks omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticed facts available to contradict them." *Id*. at 33. "An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Id. See also Miller v. Kennebec Cty. Sheriff's Dep't*, No. 94-1859, 1995 WL 281644, at *1 (1st Cir. May 12, 1995) (unpublished) (setting forth *Denton* standard for dismissal of frivolous *in forma pauperis* complaints).

### B. Factual Background

The thrust of the plaintiffs' Complaint for a Civil Case ("Complaint") (ECF No. 1) is that the plaintiffs and various family members have been subjected to ongoing abuses by both known and unknown individuals for more than 1,000 years, with the defendants, among others, continuing to perpetrate abuses on the plaintiffs and other family members. The plaintiffs allege that:

Mon Martinez was abducted "more than 1000 years ago" and subjected to various abuses, including "having her embryons [sic] and power stolen daily[,]" being suffocated with "clear

3

plastic bags," "helium," "carbon dioxide," and "carbon monoxide[,]" and having her daughters "electrocuted and gang raped[.]" Complaint at [13]. These abuses against members of the Martinez family continued. *See id*. at [13]-[14]. "[U]known individuals stole nuclear bluid [sic]" from the plaintiffs' sister for 40 years, killing her in Detroit in 2015, and continue to do the same thing to the plaintiffs and other family members. *Id*. at [14].

Additionally, the defendants, who live next door to the plaintiffs, are using "technology, computers, cellphones, and electricity . . . to try to extort money and force [the plaintiffs] into a religious group with them." *Id.* at [6]. The defendants also engage in "death threats, gangstalking [sic] . . . [and] total surveillance[.]" *Id.* at [8]. The plaintiffs theorize that, at one of the plaintiff's births,[2] the defendants "plotted to and executed plans to place a conservatorship over [their] family and give the illusion that we are part of their religious group." *Id.* at [3]. The plaintiffs allege that the defendants and others "rigged" their cars to "emit carbon dioxide," which produced "gassing in the vehicles[,]" and, on at least one occasion in 2016, caused plaintiff Ursula Martinez to be "shot with electricity[.]" *Id.* at [6], [11].

The plaintiffs also allege a series of acts involving mocking the plaintiffs or "recreat[ing] the atrocities of the gas chamber and the guillotine that [the] Martinez biogikue [sic] survived during the French Revolution and during the World Wars I and II." *Id.* at [8]. On a 2018 Air France flight, the airline "passed out clear plastic bags, laughing at [one or both of the plaintiffs] about how the Martinez family was suffocated with clear plastic bags along with being [g]uillotined during the French Revolution." *Id.* at [11]-[12]. In April 2019, the Thyssen Steel Company emitted smells that caused "[the] entire neighborhood [to smell] like a [g]as [c]hamber[.]" *Id.* at [8]-[10].

---

[2] The Complaint is unclear as to which plaintiff. *See* Complaint at [3].

4

Finally, the plaintiffs allege that a law firm is working with the defendants "to rob, assault and slander/smear our biogikue [sic] Martinez" by filing "an untrue lawsuit in 1997 in Circuit Court that has been used to instigate murder attempts on" the plaintiffs. *Id*. at [10].

The plaintiffs seek relief in the form of "aider [sic] to relocate to the Martinez properties in Europe," *id*. at [13], as well as damages for the abuses they and their family members suffered and an injunction against the "untruths . . . that are instigating the 1000+ years of total surveillance and stealing power and embryons [sic] from this family[,]" *id.* at [15].

### C. Discussion

As a threshold matter, the plaintiffs' complaint is subject to dismissal on the basis that it is factually frivolous, "encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33 (citations and internal quotation marks omitted). However, even read liberally to avoid dismissal on that basis, their complaint does not survive Section 1915(e)(2)(B) review, failing to state a claim as to which relief can be granted.

First, the plaintiffs appear to seek relief on behalf of other family as well as themselves, but *pro se* plaintiffs may not represent others. *See, e.g., Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay representation."). Thus, I recommend that the court dismiss the plaintiffs' complaint to the extent it seeks relief on behalf of nonparties.

Next, the plaintiffs, as private individuals, cannot bring claims pursuant to the laws they cite. They indicate that they are suing under "18 U.S. Law 2441," "U.S. Law L-11," and "the 1949 Geneva Agreement" for "[t]argeting and executing private citizens who [h]ave the [l]etters (A-R-T) in their name" and "[p]rolonged mental and [p]hy[si]cal [s]uffering[,]" stating that "[i]t is against [h]uman [r]ights to target [p]rivate [h]umans for war." Complaint at [4]-[5]. Presumably,

the plaintiffs intend to cite the federal war crimes statute, 18 U.S.C. § 2441, which references the Geneva Convention.[3]

However, as concerns Section 2441, "[g]enerally, a private citizen has no authority to initiate a federal criminal prosecution." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *see also, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). Nor does Section 2441 give rise to a civil action for damages. *Compare* 18 U.S.C. § 2441(a) (providing for fine or imprisonment solely as part of criminal prosecution) *with id*. § 1964(c) (providing civil remedy for damages to persons injured by reason of criminal racketeering conduct). Thus, any claims the plaintiffs bring under Section 2441 must be dismissed for failure to state a claim.

Likewise, the Geneva Convention, which codifies the law of war, *see, e.g., Kadic v. Karadžić*, 70 F.3d 232, 242-43 (2d Cir. 1995), generally does not confer standing to bring a private civil suit, *see, e.g.*, *Nattah v. Bush*, 770 F. Supp. 2d 193, 204 & n.5 (D.D.C. 2011) ("[T]he Geneva Convention does not create a right of action for private individuals to enforce its terms.")[4] Thus, any claims the plaintiffs bring under the Geneva Convention must be dismissed for failure to state a claim.[5]

Finally, the federal court has no jurisdiction over any claims that may remain. "Federal courts are courts of limited jurisdiction." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). "They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional

---

[3] It is unclear to which authority the plaintiffs refer as "U.S. Law L-11." Complaint at [4].
[4] The *Nattah* court noted that the Supreme Court has held that prisoners of war can "assert rights in the Geneva Convention in a *habeas corpus* action against their captor government." *Nattah*, 770 F. Supp. 2d at 204 n.5. However, as in *Nattah*, "this lone exception to the general rule is inapplicable here." *Id*.
[5] Moreover, while the plaintiffs reference the French Revolution and World Wars I and II, *see* Complaint at [8], [11]-[12], their allegations do not implicate any of the defendants in acts of war.

defects." *Id*. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Here, the plaintiffs indicate this court has both diversity and federal question jurisdiction. *See* Complaint at [3]-[4].

This court does not have diversity jurisdiction over this action. The plaintiffs, Michigan residents, have asserted a claim against a number of Michigan defendants. *See* Complaint at [2]-[4].[6] Further, the plaintiffs do not allege an amount in controversy. *See id.* at [6]. Because both the plaintiffs and the defendants are Michigan residents, and the plaintiffs allege no amount in controversy, the plaintiffs have not adequately alleged diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Nor does this court have federal question jurisdiction. If the court agrees that the plaintiffs' claims under Section 2441 and the Geneva Convention must be dismissed for failure to state a claim as to which relief can be granted, the plaintiffs' remaining allegations, again read to avoid factual frivolity, amount to various tort claims that implicate state, rather than federal, law.[7] *See* Complaint at [6]-[14]. Thus, the plaintiffs have not met their burden to allege subject matter jurisdiction, requiring dismissal on that basis, as well.

---

[6] The plaintiffs list the address of one of the defendants, "Caesar-Little Caesar-Lycee Janson," as a Little Caesars Pizza location in Detroit. Complaint at [2], [4]. However, they also indicate that this defendant is incorporated under the laws of both Michigan and "Rome Vatican City," with its principal place of business in both Michigan and "Rome, Italy." *Id*. at [5]. Since the plaintiffs present no information besides this contradictory allegation that this defendant has any connection to Rome or Vatican City, they do not meet their burden of alleging this prong of diversity jurisdiction.

[7] To the extent that, in referencing a 1997 lawsuit, the plaintiffs request that this court intervene in that matter, *see* Complaint at [10], a federal district court cannot insert itself into state-court proceedings, *see, e.g.*, *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 296 (1970) (holding that "lower federal courts possess no power whatever to sit in direct review of state court decisions").

7

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiffs' application to proceed *in forma pauperis* and recommend that the court **DISMISS** their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with prejudice as factually frivolous or, in the alternative, for failure to state a claim as to which relief can be granted.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of August, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge